IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION


CHRONDA McCULLERS,                              :

        Plaintiff,                          :
                                         Case No. 3:06cv331
        vs.                                :
                                JUDGE WALTER HERBERT RICE
COMMISSIONER OF SOCIAL                          :
SECURITY,                                       :

        Defendant.                          :


---

DECISION AND ENTRY OVERRULING PLAINTIFF'S MOTION FOR AN
AWARD OF ATTORNEY'S FEES AND COSTS UNDER THE EQUAL
ACCESS TO JUSTICE ACT (DOC. #18)

---

The Plaintiff brought this lawsuit under 42 U.S.C. § 405(g), seeking review of the Defendant's final decision to deny her an award of Social Security disability benefits. The Plaintiff claimed that she had been disabled since April, 2003, due to an impaired back and depression. The Court referred this matter to Magistrate Judge Sharon Ovington for a Report and Recommendations. Judge Ovington recommended that this Court remand this appeal to the Defendant, in accordance with the fourth sentence of § 405(g), for further proceedings. See Doc. #14. The Plaintiff objected to the Report and Recommendations, arguing that this Court should reject that recommendation, reverse the denial of benefits and remand for the purpose of paying benefits. See Doc. #15. In its Decision of March 3, 2008,

this Court overruled Plaintiff's Objections to Judge Ovington's Report and Recommendations, reversed the denial of benefits and remanded this matter for further proceedings. See Doc. #16. Judgment was entered thereon. See Doc. #17.

This case is now before the Court on the Plaintiff's request for an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.[1] See Doc. #18. Plaintiff asserts that she is entitled to such an award, since she was the prevailing party in this litigation and because the Defendant's position was not substantially justified. Id. The Defendant has opposed that motion, arguing that his decision to deny Plaintiff the requested award of disability benefits was substantially justified.[2] See Doc. #19.

With her motion, Plaintiff seeks an award of attorney's fees in the sum of $4,691.10, representing 28.5 hours expended by her counsel to be compensated at the hourly rate of $164.60. The Court begins its analysis by setting forth the standards it must apply whenever it rules upon a request for attorney's fees under the EAJA.

In pertinent part, the EAJA provides:

_____

[1]In the caption of her motion, Plaintiff also indicates that she is seeking to recover costs; however, she has not identified the costs she seeks to recover. Indeed, she states that she is seeking to recover fees and costs in the sum of $4691.10. That amount is the product of the number of hours her attorney expended, for which compensation has been sought, 28.5, and the claimed hourly rate of $164.60. Accordingly, the Court overrules the Plaintiff's Motion for Attorney's Fees and Costs under the Equal Access to Justice Act (Doc. #18), to the extent that Plaintiff seeks an award of costs with that motion.

[2]The Plaintiff has signed an assignment of attorney's fees under the EAJA to her counsel. The Defendant has agreed that, if attorney's fees are recovered under the EAJA, a check can be made payable to Plaintiff's attorney. See Doc. #19 at 4.

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses … incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).  In <u>Delta Engineering v. United States</u>, 41 F.3d 259 (6th Cir. 1994), the Sixth Circuit discussed the requirements for an award under the EAJA:

> Under the EAJA, three criteria must be met before an award of attorneys' fees and costs is granted: (1) the fees must be incurred in a civil action brought against the government; (2) the party seeking fees must have been the prevailing party; and (3) the position of the government must <u>not</u> have been substantially justified.

<u>Id</u>. at 261 (emphasis in the original).  In <u>Perket v. Secretary of Health and Human Services</u>, 905 F.2d 129 (6th Cir. 1990), the Sixth Circuit elaborated upon the meaning of "prevailing party" in the EAJA:

> Plaintiffs are a "prevailing party" under EAJA "'if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit.'"  <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 433 (1983) (citations omitted).  However, a party's victory need not be obtained by final adjudication of a lawsuit's merits.  Rather, "it is enough that the lawsuit acted as a 'catalyst' in prompting defendants to take the desired action. <u>Citizens Coalition for Block Grant v. City of Euclid</u>, 717 F.2d 964, 966 (6th Cir. 1983).

<u>Id</u>. at 132.  Herein, it cannot be questioned that the Plaintiff was the prevailing party in an action brought against the Government, given that this Court reversed the denial of benefits and remanded this matter for further proceedings, in accordance with the fourth sentence of § 405(g).  See <u>Shalala v. Schaefer</u>, 509 U.S. 292, 300-01 (1993) (holding that applicant for social security disability

- 3 -

benefits who obtains reversal and remand under the fourth sentence of § 405(g) is the prevailing party).

Normally, the central question in an EAJA application is whether the Government's position in the litigation was "substantially justified." The applicant for an award under the EAJA must allege in her petition that the position of the Government was not so justified. 28 U.S.C. § 2412(d)(1)(B). In Pierce v. Underwood, 487 U.S. 552 (1988), the Supreme Court said that "substantially justified" means "justified in substance or in the main--that is, justified to a degree that could satisfy a reasonable person." Id. at 565 (internal quotation marks omitted). The Pierce Court explained further that the Government's position would be "substantially justified" if it had a "reasonable basis in both law and fact." Id. (internal quotation marks omitted). See also, Jankovich v. Bowen, 868 F.2d 867, 869 (6th Cir. 1989).[3] The Government has the burden of demonstrating that its position was substantially justified. E.W. Grobbel Sons, Inc. v. National Labor Relations Board, 176 F.3d 875, 878 (6th Cir. 1999); United States v. Jones, 125 F.3d 1418, 1425 (11th Cir. 1997); Harmon v. United States Through Farmers Home Admin., 101 F.3d 574, 586 (8th Cir. 1996). In a judicial proceeding in which the denial of Social Security disability benefits is being challenged, the position of the Government is not substantially justified merely because the Magistrate Judge and/or District Court initially agrees with the denial. Howard v. Barnhart, 376 F.3d

---

[3]Therein, the Sixth Circuit held that the Government's position to deny disability benefits may be substantially justified, even though the District Court subsequently determined that said decision was not supported by substantial evidence. 868 F.2d at 869-70. Therefore, this Court's reversal of the Defendant's decision to deny benefits does not, in and of itself, mean that the Government's position was without substantial justification.

551 (6th Cir. 2004). Moreover, the Government's position is not substantially justified in such a dispute, when it defends a denial of benefits which was based upon a selective view of the evidence. Id. Whether the Government's position is so justified is to be determined from the record before the court and that which was before the administrative agency. See 28 U.S.C. § 2412(d)(1)(B).

Plaintiff's claim for disability benefits was heard by an Administrative Law Judge ("ALJ"). The ALJ concluded that, while Plaintiff had severe impairments, i.e., severe lumbar degenerative disease with complaints of low back pain and adjustment disorder with depression, she retained the residual functional capacity to perform a full-range of light work. Transcript ("Tr.") at 28. Given her vocational profile, the ALJ concluded that the Plaintiff was not disabled. Id. at 28-29. In the course of his decision, the ALJ rejected the opinion of Dr. Gollamundi, Plaintiff's treating psychiatrist, that she was disabled, choosing to follow instead the opinion of the consulting psychologist, Dr. Harris, that the Plaintiff's depressive symptoms would not prevent her from working. Id. at 23-24.

In this lawsuit, the Plaintiff argued that the ALJ, inter alia, failed to give adequate weight to Dr. Gollamundi's opinion. Judge Ovington agreed with the Plaintiff and recommended that this Court remand the matter, in accordance with the fourth sentence of § 405(g), in order to permit the ALJ to weigh properly the opinion of Dr. Gollamundi. See Doc. #14 at 16. As part of that analysis, Judge Ovington concluded that the ALJ's reliance on the opinion of the one-time examining psychologist, Dr. Harris, was erroneous, because that examination had occurred in March, 2002, before the Plaintiff's divorce which was alleged to be the cause of her depression and before her claimed disability onset date of April 1,

2003. As indicated, this Court overruled Plaintiff's objections, with which she argued that a remand for payment of benefits, rather than for further proceedings, was warranted. Doc. #16.

In opposing the Plaintiff's request for attorney's fees under the EAJA, the Defendant argues that the ALJ was substantially justified in the manner in which he weighed and rejected Dr. Gollamundi's opinion. In support of that assertion, the Defendant points out that Dr. Gollamundi repeatedly reported that Plaintiff's mental status was normal and was doing fine on her medication. Doc. #19 at 2-3 (citing Tr. at 331, 332, 333, 334, 335, 336, 337, 338, 340, 341, 362, 363 and 364). The Defendant does concede, however, that on two occasions Dr. Gollamundi noted that the Plaintiff was mildly depressed or in a depressed mood. Id. at 2 (citing Tr. at 339, 343). Moreover, with respect to the ALJ's reliance on the opinion of Dr. Harris, it bears noting that the Plaintiff initially claimed disability onset dates of October 29, 1998 and September 1, 2001. It was only during the hearing before the ALJ that the Plaintiff amended her alleged disability onset date to April 1, 2003. See Tr. at 462-63.

Under the foregoing circumstances, this Court is compelled to conclude that the position of the Defendant was substantially justified. Accordingly, the Court overrules Plaintiff's Motion for Attorney's Fees and Costs under the Equal Access to Justice Act (Doc. #18).

September 20, 2010

WALTER HERBERT RICE, JUDGE
UNITED STATES DISTRICT COURT

- 6 -

Copies to:

Counsel of Record.